**In the Interest of Tina CROOKS, a child.**

**Appeal of Janice McNEELEY, mother.**

**No. 59967.**

Supreme Court of Iowa.

Feb. 22, 1978.

Murray, Curtis & Finn, Ames, for appellant.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., George Cosson, Asst. Atty. Gen. and Ruth R. Harkin, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

REES, Justice.

This is an appeal by Janice McNeeley, the natural mother of Tina Crooks, from a court order terminating the parent-child relationship existing between the mother and child. The appellant contends § 232.-41(2)(e), The Code, 1975, which has since been repealed, was unconstitutionally vague on its face and as applied to the facts in this case, and also contends the grounds for termination stated in that statute were not established. We agree with the latter contention and agree the statute is vague as applied here. We reverse and remand this case for further proceedings.

Tina Crooks was born March 31, 1971, the child of Janice and Adrian Crooks. The parents were divorced before Tina was born, and both have now remarried; the mother to Larry McNeeley, and the father to Anita Crooks. Tina had never lived in Adrian's home until subsequent to the decree terminating the parental relationship between Janice and Tina, in which the physical custody of Tina was granted to Adrian subject to protective supervision of the Story County Department of Social Services for an indefinite period of time, with legal custody of the child continuing with the Story County Department of Social Services.

When Tina was approximately two and a half years of age, a petition was filed in the Story County Juvenile Court which culminated in the entry of a decree dated September 4, 1973, in which the court found Tina was a neglected child within the meaning of § 232.2(14)(b), (c), (d), in that she was without proper parental care because of the mental or physical immaturity of her mother and her step-father, Larry McNeeley. Due to the faults of the last named individuals, and that said child was living under conditions injurious to her physical health and welfare, the court found beyond any reasonable doubt that she had been physically abused. Tina was adjudicated to be a neglected child and she was placed with the Story County Department of Social Services for placement in foster care until further orders of the court, with the court retaining jurisdiction for such further orders as might be deemed necessary.

On January 29, 1976 the county attorney filed a petition asserting that Tina Crooks was then a resident in said county, was four years of age and that she was dependent and neglected and in need of termination of parental rights pursuant to § 232.2(13)(f), (g), (h). The names and addresses of the parents, Janice and Adrian, were set out in the petition, and an order was entered by Judge John McKinney fixing time and place of hearing and directing notice to be served upon the parents of the child.

On April 18, 1976 hearing was held before Judicial Magistrate Larry D. Munsinger, acting as juvenile court judge, with the Story county attorney appearing on behalf of the State, and the father, Adrian Crooks, the mother, Janice McNeeley, and the child, Tina, all being represented by separate counsel. Before the hearing commenced the county attorney orally amended the petition to assert, in addition to the allegations of the original petition, that the termination of the parent-child relationship between Janice and Tina was bottomed upon § 232.41(2)(e), The Code, 1975.

Section 232.2(13), or those sub-sections thereof referred to in the original petition seeking termination of parental rights,

defines "a child in need of assistance" as a child:

"f. Who is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of his parents, guardian, or other custodian.

"g. Who is without proper parental care because of the faults or habits of his parents, guardian, or other custodian.

"h. Who is living under conditions injurious to his mental or physical health or welfare."

Section 232.41(2)(e), referred to in the oral amendment to petition, provides:

"The court may upon petition terminate the relationship between parent and child:

" * * *

"2. If the court finds that one or more of the following conditions exist:

" * * *

"(e) That following an adjudication of neglect or dependency, reasonable efforts under the direction of the court have failed to correct the conditions leading to the termination."

Appellant states the following issues for review:

(1) The trial court erred in denying the mother's motion to dismiss the petition on the basis that § 232.41(2)(e), The Code, was unconstitutionally vague and did not give the mother sufficient notice of the basis of the termination; and

(2) The trial court erred in allowing Larry Brubaker, a psycho-therapist in the employ of Central Iowa Mental Health Center, to testify over the objections of the appellant's counsel as violative of the physician-patient privilege.

I. We have heretofore addressed the constitutionality of the statute here under attack: § 232.41(2)(e). In *In Interest of Lewis,* 257 N.W.2d 505 (Iowa 1977), we held that statute not to be unconstitutionally vague, either on its face or as applied to the facts in that case.

In the matter before us, a major reason for the court's determination to terminate the mother's parental rights with Tina was Janice's failure to attend counseling sessions at the direction of, and as required by, the Department of Social Services. We are unable to perceive in the record here any "direction of the court" for Janice or Larry McNeeley to attend such counseling sessions. No reference was made in the order providing for the care, custody and control of Tina entered by Judge McKinney on September 4, 1973 pointing out any manner in which Janice McNeeley could have, at the court's direction, corrected, or attempted to correct, the conditions which led to the entry of the order for care, custody and control above referred to.

In *Long v. Long,* 255 N.W.2d 140 (Iowa 1977), and in *Lewis,* cited above, entirely different factual situations were presented which led us to find the statute constitutional as applied. In *Long,* the petitioner for termination specifically represented that actions had been taken under the direction of the court, but that the conditions complained of had not been alleviated. In *Lewis,* the parents refused to follow a court-directed program designed to correct the conditions which led to the adjudication of neglect and dependency.

*In Interest of Kelley,* Iowa, 262 N.W.2d 781, filed separately this date, the court ordered the child placed in the custody of the department of social services for "planning, casework, and placement", directed counseling for the mother, provided for review in six months, and provided for quarterly progress reports. The order in the present case did not enunciate such a program for eliminating the conditions which led to the adjudication of neglect.

█ Oh the foregoing basis, we have no alternative but to find that because of the order's lack of specificity the statute was unconstitutionally vague as applied to the facts before us. Certainly, no conditions had been laid down for the direction and guidance of the parents, which would have permitted them to take steps to alleviate the conditions which the State contends justified a termination of parental rights. We

therefore must reverse and remand this case for proceedings and proper notice to the affected parents.

■ II. Janice McNeeley also contends the trial court erred in permitting Larry Brubaker, a psycho-therapist, to testify that Janice had terminated the counseling sessions which had been arranged for, and did not complete the course of sessions which were designed to alleviate the conditions which precipitated the finding of neglect and dependency. Janice contends that such testimony was barred by the physician-patient privilege under § 622.10, The Code, 1975.

The cited section is referable to a doctor-patient relationship, which was not involved in this case. See *State v. Bedel*, 193 N.W.2d 121, 124 (Iowa 1971). There is no merit in Janice's contention in this regard.

III. The best interests of the child, Tina Crooks, will be served by continuing her custody with her father, Adrian Crooks, under the protective supervision of the Story County Department of Social Services until the matter of the parent-child relationship existing between Janice and Tina has been finally determined, for which purposes we reverse and remand this matter for further proceedings.

REVERSED AND REMANDED.

All Justices concur except UHLENHOPP and MASON, JJ., who concur specially.

UHLENHOPP, Justice (concurring specially).

I agree with the court majority that § 232.41(2)(e) does not apply here; Judge McKinney's order does not contain directions for Janice to follow to correct the conditions.

Since § 232.41(2)(e) does not apply at all, I do not see how it can be said to be unconstitutional "as applied" here. I would simply base division I of the opinion on the ground that § 232.41(2)(e) does not apply.

I concur in the rest of the opinion and in the result.

MASON, J., concurs in this special concurrence.